**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES M. GILBERT,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SOUTH WOODS STATE PRISON, *et. al.*,<br><br>　　Defendants. | No. 25cv4866 (EP) (SDA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Charles M. Gilbert, a prisoner at South Woods State Prison in Bridgeton, New Jersey, alleges constitutional violations under 42 U.S.C. § 1983 concerning his isolated confinement pursuant to a prison disciplinary proceeding. D.E. 1 ("Complaint").[1] Plaintiff has not paid the applicable $350 filing fee for a civil case under 28 U.S.C. § 1914(a) nor the $55 administrative fee under Appendix K to the Local Civil Rules. Plaintiff did, however, submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), noting that he would provide the Court with his six-month institutional account statement as soon as possible. D.E. 1-1 ("IFP Application"). More than 30 days have passed and the Court has not received Plaintiff's institutional account statement.

28 U.S.C. § 1915(a) sets forth the requirements for proceeding IFP:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit,

---

[1] The Court notes that Plaintiff subsequently filed a civil rights action with a complete IFP application in Civil Action No. 25-6511, received by the Court on May 28, 2025. Civil Action No. 25-611 contains the same claim raised in this action but adds new claims and new defendants. If Plaintiff intended Civil Action No. 25-6511 to replace this action, he should not submit the filing fee or an IFP application to reopen this matter. The Court will screen the IFP application and the complaint in Civil Action No. 25-6511 pursuant to 28 U.S.C. § 1915(e)(2)(B) in due course.

> action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Because Plaintiff has failed to provide the Court with the required six-month institutional account statement, he has not met the requirements for IFP status under 28 U.S.C. § 1915(a).

Given that Plaintiff has not met the requirements for IFP status, nor has he paid the required filing fees, pursuant to Local Civil Rule 54.3(a):

> (a) Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

Local Civil Rule 5.1(f), in turn, provides that "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon." Accordingly,

IT IS, on this 10th day July 2025,

ORDERED that Plaintiff's IFP Application, D.E. 1-1 is **DENIED *without prejudice***; and it is further;

2

**ORDERED** that the Clerk of Court shall mark the Complaint, D.E. 1, received; and it is further

**ORDERED** the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that if Plaintiff wishes to reopen this action he shall either, within **30 days** of entry of this Order: (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and Appendix K to the Local Civil Rules; or (2) submit a properly completed IFP application under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk of Court shall supply to Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)," DNJ-Pro Se-007-A-(Rev.12/2023); and it is further

**ORDERED** that if Plaintiff wishes to reopen this action, he shall so notify the Court, in writing addressed to the Clerk of Court, Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within **30 days** from the date of entry of this Order. Plaintiff shall include either the $405 filing fee or his properly completed IFP Application in his mailing; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.